S93A0143. COLE v. ROBERTSON et al.
(429 SE2d 678)

CLARKE, Chief Justice.

We are called upon to decide two questions. First, did Dr. Alden have the right to retain the proceeds from the sale of his life estate? Second, does appellant have a claim in the contents of the house as the remainderperson to the family home? We answer both questions in the affirmative.

Appellant Cole is the daughter of Floy Oliver Alden. After her first husband died, Mrs. Alden married Dr. Herbert Alden. In 1968, Mrs. Alden deeded her home on Flagler Avenue and other property to a trust (the "Mrs. Alden trust") for her benefit with Dr. Alden and appellant Cole as co-trustees. The terms of the trust provided that the property was to be used for her own benefit during her lifetime. After her death, the trust left the home to Dr. Alden for life with the remainder interest in appellant. The trust provided a power of sale for Dr. Alden:

> In the event my husband during his lifetime should desire no longer to occupy the home then I hereby specifically authorize and empower him to sell the home and the real estate on which it is located, and the net proceeds therefrom, if any, shall be retained by my said husband free of any remainder interest in my said daughter and her descendants.

In 1963, Mrs. Alden executed a will devising her home to her husband for his natural life also with the same provisions as in the trust. In addition, the contents of the house were to be given to Dr. Alden for his life with the remainder interest in appellant Cole. There was no power of sale attached to this personal property.

In 1969, Dr. Alden created a revocable trust for his property (the "Dr. Alden trust"), the trustee of which was appellant. In 1975, Dr. Alden and appellant Cole, as co-executors of Mrs. Alden's estate, transferred the Flagler Avenue home to Cole as trustee for the Dr.

Alden trust. Appellee Robertson took care of Dr. Alden in his later years. Cole then complained of Dr. Alden's financial irresponsibility and questioned his competency. Because of this conflict between Cole and Alden, Cole resigned as trustee, and in 1983 Dr. Alden appointed George Haas to serve as trustee. Shortly after his appointment as trustee, Haas, at Dr. Alden's direction, sold the Flagler Avenue home to Alan Patricio. Appellant Cole executed a quitclaim deed at this time, conveying her entire interest in the home to Patricio. Haas resigned as trustee in 1986, and Dr. Alden appointed Gary Zweifel, who has served as trustee up to the present time. Dr. Alden died on June 6, 1989. Haas, as executor of Dr. Alden's estate, demanded the property for a proper disposition.

Appellant, as remainderperson under Mrs. Alden's will, claimed the personal property left to her under the will and the proceeds from the sale of the home. Trustee Zweifel brought the present action requesting a proper disposition through the court. The superior court granted partial summary judgment to the appellees finding that Dr. Alden had lawfully conveyed the home to Mr. Patricio and that the proceeds belonged to Dr. Alden's estate.

1. Appellant argues that the superior court erred in granting summary judgment for appellees. She alleges that Dr. Alden did not properly exercise the power of sale in the Mrs. Alden trust. We disagree. The Mrs. Alden trust granted Dr. Alden the power to sell the property and retain the proceeds himself. Appellant never had an interest in the proceeds from the sale of the home and real estate, either through the will or the trust. Mrs. Alden's will specifically devised the proceeds from the sale to Dr. Alden "free of any remainder interest in [appellant]."

2. Appellant also enumerates as error the superior court's denial of her motion for partial summary judgment regarding the contents of the home. She argues that the will executed by Mrs. Alden left all the personal property in the house to Dr. Alden for life with the remainder interest in appellant. We agree with appellant and find that the trial court erred in denying partial summary judgment.

In construing a will, the Court is required to examine it as a whole and to search diligently for the intention of the testator as the same may be revealed therein. OCGA § 53-2-91. This search for the intention of the testator should be made by two methods: (1) by looking to the will as a whole and (2) by scrutinizing every phrase that it contains. Comer v. C & S Nat. Bank, 182 Ga. 1, 5 (185 SE 77) (1935).

In item VII of the will, Mrs. Alden left the Flagler Avenue home and its contents to Dr. Alden for life with the remainder interest in appellant. She also granted Dr. Alden the power to sell the house and real estate and to retain the proceeds. In the event Dr. Alden chose to sell the home, or if he remarried, the contents of the home were to be

distributed as shown on exhibit "A" to the will. Exhibit "A" is broken down into two parts. Under the first section, appellant is to receive specific items of personalty. The second section reads, "All other items of personalty not otherwise disposed of in my said Will shall go to my husband, Herbert S. Alden, as provided in Item VII of my said will. . . ." Item VII of the will bequeaths to Dr. Alden the personalty in the house for his lifetime only. Reading the will in its natural sense, we find that Mrs. Alden intended for the contents of the home to go to Dr. Alden for his life with the remainder interest in appellant Cole. Dr. Alden had no power of sale over the contents of the home.

The superior court correctly found as a matter of law that Dr. Alden's estate should retain the proceeds from the home. The court erred in denying appellant Cole the contents of the home as bequeathed to her under her mother's will. We remand this case to the superior court to determine what property remains and to make a proper disposition under the terms of the will.

*Judgment affirmed in part, reversed in part and remanded with direction. All the Justices concur.*

DECIDED JUNE 1, 1993.

*Ellis, Funk, Goldberg, Labovitz & Campbell, Carol A. Paulk,* for appellant.

*Haas, Bridges & Kane, George A. Haas, Bushfield & Associates, Nora K. Bushfield, Ferguson & Saunders, Richard J. Storrs,* for appellees.